IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOLOMON : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 22-cv-03137-JEB |
| v. : | |
| : | |
| : | |
| DECHERT LLP, et al. : | |
| : | |
| Defendants. : | |
| ……………………………………………………: | |

**PLAINTIFF'S NOTICE OF STATUS OF SERVICE AS TO DEFENDANT AMIT FORLIT AND MOTION FOR ADDITIONAL TIME TO COMPLETE SERVICE**

COMES NOW the Plaintiff, Jay Solomon, by and through counsel and per this Court February 13, 2023 Minute Order hereby files this Notice of Status of Service as to Defendant Amit Forlit and Motion for Additional Time to Complete Service.

1. Plaintiff filed his Complaint on October 14, 2022. After filing of the Complaint, Plaintiff requested that all of the Defendants (11 individuals and/or entities) execute and return Waivers of Service. Plaintiff received waivers of service back from 10 of the 11 Defendants, but not from Mr. Forlit.

2. Upon information and belief, Defendant Forlit resides in Israel at 5-A Habarzel Street, Tel Aviv, 69710-02, Israel.

3. In addition to suing Defendant Fortlit, Plaintiff has sued two entities of which Defendant Fortlit is the principal and owner, SDC-Gadot LLC and Insight Analysis ("Forlit Entities").

4. The Forlit Entities are represented in this matter by attorneys Elan Baret and Christopher Salivar. Counsel for the Forlit Entities have executed waivers of service and these for been filed with the Court. (ECF 11, 12).

5. As defendant Forlit did not waive service, the undersigned counsel contacted attorneys Baret and Salivar as they are counsel to the Forlit Entities, and they are also counsel to Defendant Forlit in his individual capacity in other litigation pending against Defendant Forlit. *Azima v Dechert, LLP, et al*, 220-cv-8728 (SDNY). Attorney Baret advised that Defendant Fortlit will not waive service.

6. As Defendant Forlit testified that he is the sole individual in control of the Forlit Entities, presumably it was he who engaged counsel to represent the Fortlit Entities in this action and authorized their counsel to waive service. Moreover, the Fortlit Entities have filed a Motion to Dismiss, so Defendant Forlit has likely reviewed the operable pending Complaint in this matter to assist his counsel in responding on behalf of the Forlit Entities. It is accordingly believed that Defendant Forlit has notice of this action and the fact that he is named individually as a defendant.

7. Plaintiff is aware that Mr. Forlit has appeared as representative of the Forlit Entities in a 30(b)(6) deposition of the Forlit Entities in another unrelated matter pending in another judicial district. Insight Analysis Rule 30(b)(6) by Amit Forlit Dep. Tr. 55:23-56:4 (July 21, 2022), *Azima v. Insight Analysis & Research LLC,* et al., No. 1:22-mc-20707 (S.D. Fla. May 6, 2022), ECF No. 47-2. In this deposition Defendant Forlit testified that, "because the entities "were not serving basically any other purpose than being a conduit for transfer of funds, we were not very particular about the choice of –

the choice of titles. But for all intents and purposes, it was me who was running the company." *Id*.

8. Plaintiffs have initiated the service process in compliance with FRCP 4(f)(2)(C)(ii) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), as Israel is a signatory to the Hague Convention.

9. Plaintiff is working diligently to complete service in compliance with FRCP 4(f)(2)(C)(ii) and the Hague Convention however this process is time consuming with the Israeli Directorate of Courts. Accordingly, Plaintiff respectfully requests an additional sixty (60) days to do so.

10. In the event that service is not achieved, Plaintiff reserves the right to petition the Court to allow for service of Defendant Forlit through alternate means in accordance with FRCP 4(f)(3), namely by serving him through his alter ego corporations which have appeared in this action.

WHEREFORE, for the reasons set forth above Plaintiffs give notice to the Court as to the status of service of Defendant Forlit and request an additional sixty (60) days to complete service.

April 14, 2023                                         Attorney for Plaintiff,

*/s/ Tracy Reichman Kalik*
Tracy Reichman Kalik (Bar No. 462055)
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Joseph H. Tipograph (No.997533)
HEIDEMAN NUDELMAN & KALIK, PC
5335 Wisconsin Avenue, NW; Suite 440
Washington, DC  20015
Telephone: 202.463.1818
Facsimile: 202.463.2999