# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOLOMON | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 22-cv-03137-JEB |
| v. | : |
| | : |
| | : |
| DECHERT LLP, et al. | : |
| | : |
| Defendants. | : |
| ………………………………………………… | : |

**PLAINTIFF'S SURREPLY IN RESPONSE TO REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS, SDC-GADOT, LLC AND INSIGHT ANALYSIS AND RESEARCH, LLC'S RULE 12 MOTION TO DISMISS**

Dated:  July 21, 2023         Respectfully Submitted,

HEIDEMAN NUDELMAN & KALIK P.C.

By:    */s/ Noel J. Nudelman*_____
          */s/ Tracy Reichman Kalik*_____
         Richard D. Heideman (No. 377462)
         Noel J. Nudelman (No. 449969)
         Tracy Reichman Kalik (No. 462055)
         Joseph H. Tipograph (No.997533)
         HEIDEMAN NUDELMAN & KALIK, PC
         5335 Wisconsin Avenue, NW; Suite 440
         Washington, DC  20015
         Telephone: 202.463.1818
         Facsimile: 202.463.2999

**ARGUMENT**

Defendants SDC-Gadot, LLC and Insight Analysis and Research, LLC ("Forlit Entity Defendants") include in their Reply Memorandum as a new argument, that they should not be held accountable for acts that precede their formation. (D.E. #73). In support of this argument, they attach their Articles of Organization and claim that "absent a having access to a time machine" it would be factually impossible for these Defendants to have participated in the alleged acts that preceded their claimed date of incorporation. *Id.* at 3.

In *McWilliams Ballard, Inc. v. Level 2 Dev*., defendants made this exact argument, and it was rejected by this Court, which held that claims for acts that preceded the proffered formation were adequately stated to survive a 12(b)(6) motion. 697 F. Supp. 2d 101, 109. (D.D.C. 2010). Moreover, this Court found there, as it should here, that corporate formation documents attached to a motion to dismiss (or in this case the Defendants' Reply) should be excluded, as documents such as these are considered outside the pleadings. *Id*. at 109, n.9 ("Plaintiff's assertions must be taken as true at this time.").

Plaintiff disputes that the Forlit Entity Defendants did not exist and therefore could not have participated in the acts prior to October 18, 2017, because, as alleged, the Forlit Entity Defendants received substantial compensation for acts, including acts that targeted the plaintiff, that were performed by their principal officer Amit Forlit dating back to at least 2015. FAC at ¶¶27, 28, 80, 97, 120. Plaintiff alleges that the Forlit Entity Defendants are alter egos of Amit Forlit because he "is the sole member of [the Forlit Entity Defendants] and exercises full and complete control over" them. FAC at ¶¶ 8, 27, 28

This Court recognizes alter ego liability "when substantial ownership of corporate stock is concentrated in one person or a few persons and other factors support disregarding the corporate

1

entity in the interest of equity and fairness." *Bazarian International Financial Associates, LLC v. Desarrollos Hotelco, C.A.*, 342 F. Supp. 3d. 1, 12 (D.D.C. 2018).  Indeed, this Court has found entities liable for acts of their alter egos that preceded those entities' formation.  *Boland v. Ace Masonry, 2016 WL 9825778*, *2, *4, *10 (D.D.C. 2016) ("Because Ace and Bella [formed in 2011] were found to be alter egos, both were bound to the CBA that Ace entered into with the Bricklayers Union [in 2002] and liable for Ace's delinquent contributions [in 2011].")

Notably, the Forlit Entity Defendants do not dispute that they could be found liable for activities occurring on or after October 18, 2017. (D.E. #73).  That time period covers many of the predicate acts alleged in the FAC, including all of the aforementioned money laundering transactions, many obstructions of justice and several counts of wire fraud as well as taking the information they had stolen via the hacking and disseminating or causing to be disseminated this information in articles that they published or caused to be published on pay-to-play websites and other online publication sources . FAC at ¶¶111, 128-141, Ex. A.

WHEREFORE, for the reasons set forth above and for those put forth in Plaintiff's Omnibus Opposition to the pending Motions to Dismiss, Plaintiff requests this Court deny the pending Motions to Dismiss.

Dated:  July 21, 2023            Respectfully Submitted,

HEIDEMAN NUDELMAN & KALIK P.C.

By:     */s/ Noel J. Nudelman*_____
        */s/ Tracy Reichman Kalik*_____
        Richard D. Heideman (No. 377462)
        Noel J. Nudelman   (No. 449969)
        Tracy Reichman Kalik (No. 462055)
        Joseph H. Tipograph (No.997533)
        HEIDEMAN NUDELMAN & KALIK, PC
        5335 Wisconsin Avenue, NW; Suite 440
        Washington, DC  20015
        Telephone: 202.463.1818
        Facsimile: 202.463.2999